# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELA M. WILSON,** | : | CIVIL ACTION NO. 1:18-CV-1703 |
| | : | |
| **Plaintiff** | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **ANDREW M. SAUL,** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 25th day of March, 2020, upon consideration of the report (Doc. 19) of Magistrate Judge William I. Arbuckle, recommending that the court deny the appeal of plaintiff Angela M. Wilson from the decision of the administrative law judge ("ALJ") denying her application for disability insurance benefits and supplemental security income, and the court noting that Wilson filed objections (Doc. 20) to the report, see FED. R. CIV. P. 72(b), and following *de novo* review of the contested portions of the report, see E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, see id. (quoting Henderson v. Carlson,

812 F.2d 874, 878 (3d Cir. 1987)),[1] the court agreeing with Judge Arbuckle that the ALJ's decision "is supported by substantial evidence," 42 U.S.C. § 405(g), a standard of review that the Supreme Court of the United States recently reiterated "is not high," Biestek v. Berryhill, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019), and the court finding the report's analysis to be thorough, well-reasoned, and fully supported by

---

[1] Wilson does not object to Judge Arbuckle's conclusion that decisional law in the Third Circuit "makes clear that a restriction limiting an individual to 'simple routine tasks' is sufficient to accommodate moderate limitations in concentration, persistence, and pace." (Doc. 19 at 11 (citing Menkes v. Astrue, 262 F. App'x 410, 412 (3d Cir. 2008); McDonald v. Astrue, 293 F. App'x 941, 946-47 (3d Cir. 2008))). We supplement this aspect of the report by noting that, in July 2019, the Third Circuit Court of Appeals held that this will only be true if the simple tasks limitation is accompanied by a "valid explanation." Hess v. Comm'r Soc. Sec., 931 F.3d 198, 211-13 (3d Cir. 2019). The ALJ here restricted Wilson to "work that is limited to simple and routine tasks, involving only simple, work-related decisions, and with few, if any, work place changes." (Tr. at 22). The ALJ then provided a "valid explanation" for this limitation—after exploring Wilson's subjective testimony, the medical evidence, and the opinion evidence, the ALJ opined that a "simple tasks" limitations was adequate because Wilson's symptoms are not "severe enough to warrant off task behaviors or excessive work absences." (Id. at 22-23). The ALJ noted that the record instead evinces that Wilson can "maintain attention and concentration to read and watch television" and "accept simple instruction and carry out directives (i.e. her ability to follow doctors' recommendations and take medications on a regular basis and her ability to work part-time)." (See id. at 23, 24). The ALJ's analysis thus meets the Hess explanation requirement.

the record, and finding Wilson's objections to be without merit and squarely and correctly addressed by the report,[2] it is hereby ORDERED that:

1. The report (Doc. 19) of Magistrate Judge Arbuckle is ADOPTED.

2. The decision of the Commissioner denying Wilson's application for disability insurance benefits and supplemental security income is AFFIRMED.

3. The Clerk of Court shall enter judgment in favor of the Commissioner and against Wilson as set forth in paragraph 2.

4. The Clerk of Court shall thereafter CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] Wilson contends that the ALJ erred broadly by failing to appropriately evaluate her subjective complaints and specifically by failing to consider how her low stress tolerance would impact her ability to work. (See Doc. 20 at 1-2). We disagree and will adopt Judge Arbuckle's analysis on both accounts. On the issue of Wilson's symptom evaluation, we note that the ALJ carefully considered each of Wilson's subjective complaints and carefully measured those complaints against the medical and opinion evidence of record. (Tr. at 22-23). As to stress, the ALJ explicitly considered the impact that Wilson's "poor stress tolerance" (also referred to in the decision as "low frustration tolerance") would have in the workplace and accounted for that intolerance by limiting her to work involving simple, routine tasks; simple decisionmaking; and few to no workplace changes. (See id. at 23). We will thus overrule Wilson's objections.